UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIE MARIE STRIKE BROWN,<br><br>            Plaintiff,<br><br>    -vs-<br><br>ALASKA AIR GROUP, INC., a Delaware corporation, and ALASKA AIRLINES, INC., an Alaska corporation, and HORIZON AIR INDUSTRIES, INC., a Washington corporation,<br><br>            Defendants. | NO.   CV-11-0091-WFN<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

Before the Court is Plaintiff's Motion for Remand (ECF No. 4). On February 2, 2011, Plaintiff, Ms. Brown, filed suit in Whitman County Superior Court against Alaska Air Group, Inc., Alaska Airlines, Inc., and Horizon Air, Inc., (collectively "Defendants"). On February 22, 2011, Defendants filed a Motion to Dismiss in Whitman County Superior Court. On March 3, 2011, Defendants removed the action to this Court. On March 18, 2011, Plaintiff filed her Motion for Remand to state court, claiming that there is no federal jurisdiction. Plaintiff additionally asks for attorney's fees and costs incurred. Defendants have responded (ECF No. 12), Plaintiff replied (ECF No. 14), and Defendants filed a Notice of Supplemental Authority (ECF No. 16).

On May 2, 2011, the Court heard oral argument on the Motion to Remand. Both parties acknowledged the complexity of the law in this case, the lack of specific Ninth Circuit precedent, and the somewhat diverging district court opinions. They requested an opportunity to brief the issue of federal jurisdiction more thoroughly. The Court granted

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND - 1

the request and set a schedule for simultaneous briefing and simultaneous responses. The briefs and responses have been filed (ECF Nos. 23-26).

## BACKGROUND

According to the Complaint, Plaintiff, at the age of 84, purchased airline tickets from the Defendants. Having had prior knee joint replacements, Plaintiff requested wheelchair assistance and was assured of its provision. Plaintiff flew on a Horizon flight from Lewiston, Idaho, to Seattle, Washington, without incident. When she deplaned at Seattle-Tacoma International Airport ("Sea-Tac"), she was taken by motorized cart from the plane to a location approximately 20-30 feet from an elevator reserved for persons unable ascend the airport's entry stairs. Despite the Plaintiff's pre-flight requests for wheelchair assistance to which the Defendants had assented, no assistance was provided. Plaintiff proceeded to the elevator using her walker. The tarmac she crossed was allegedly wet, uneven and obstructed. Plaintiff fell, fracturing her right distal femur (ECF No. 5 at 3).

Plaintiff claims (1) a breach of contract for failing to provide safe transportation between her connecting flights; (2) negligence, (3) special duty to follow the requirements of the Air Carrier Access Act [ACAA] for disabled passengers; (4) violation of Washington's law against discrimination, specifically R.C.W. 49.60.215 (ECF No. 1 at 12). Defendants claim that removal is proper because Plaintiff's claims fall within an area so pervasively regulated by federal law that preemption confers jurisdiction.

## APPLICABLE LAW

**1. General Federal Question Jurisdiction**

The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that a complaint contains a cause of action that is within the original jurisdiction of the district court. The question is whether a complaint contains a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 & 1441. In determining whether an action is removable under 28 U.S.C. §1441, a court generally applies

the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the rule, a cause of action arises under federal law only when a plaintiff's well-pleaded complaint raises issues of federal law. Removal is appropriate when a federal question appears on the face of the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**2. Preemption Generally:**

> It is well-established that Congress has the power to preempt state law. U.S. CONST. ART. VI,, cl. 2. It may do so expressly or impliedly. Congress' intent may be explicitly stated in the statute's language or implicitly contained in its structure and purpose.

*Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007) (internal citations omitted).

> There are two types of implied preemption: conflict preemption and field preemption. Courts may find conflict preemption when a state law actually conflicts with federal law or when a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the federal law. Implied preemption exists when federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it. Thus, field preemption occurs when Congress indicates in some manner an intent to occupy a given field to the exclusion of state law.

*Id.* (internal citations omitted).

**3. Preemption Jurisdiction**

An exception to the well-pleaded complaint rule is the field preemption doctrine.[1] Under the doctrine, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63. "In such a case, even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal

---

[1]Field preemption is sometimes referred to as "complete preemption." *See Ting v. AT&T,* 319 F.3d 1126, 1135 (9th Cir. 2003).

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND - 3

subject matter jurisdiction exists and removal is appropriate." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998).

**4.  Federal Aviation Act and the Air Carrier Access Act**

The Air Carrier Access Act ("ACAA") was enacted in 1986 as an amendment to the Federal Aviation Act ("FAA"). 49 U.S.C. § 40103. The FAA and its corresponding regulations promulgated by the Federal Aviation Administration establish safety rules for the airline industry. Both the FAA and the ACAA have no express preemption clause and provide no private cause of action for the benefit of passengers. The FAA, of which the ACAA is a part, provides: "Additional remedies. – A remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. §40120(c).

The ACAA prohibits air carriers from discriminating against disabled individuals. 49 U.S.C. § 41705. Relevant to this case, the ACAA and its implementing regulations promulgated by the U.S. Department of Transportation ("DOT"), requires in part, that an airline: (1) "promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability . . . in enplaning and deplaning," 14 CFR § 382.95(a); (2) provide "the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs," 14 CFR § 382.95(a); (3) provide assistance in transporting, a disabled passenger, between her arriving and connecting flight. 14 CFR § 382.91. There is no private right of action under the ACAA, rather plaintiffs can file complaints with the Department of Transportation which may be appealed directly to the Federal Court of Appeals. 14 C.F.R. §§ 382.151-153; 49 U.S.C. §§ 41705 and 46101; 14 C.F.R. § 382.159; and 49 U.S.C. § 46110.

The Ninth Circuit has concluded that the FAA and relevant federal regulations preempt certain claims. Specifically, the "FAA preempts the entire field of aviation safety through implied field preemption." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007). However, since the FAA and its amendments do not preempt all state law tort actions, a

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND - 4

court considering field preemption should look to the pervasiveness of federal regulations in the specific area covered by the tort claim or sate law at issue." *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 809 (9th Cir.2009).

## DISCUSSION

Plaintiff claims there is no federal jurisdiction through ACAA field preemption, because (1) the FAA and the ACAA do not meet the high standard of field preemption, and (2) the FAA and the ACAA do not completely preempt state tort or statutory law. Plaintiff contends that neither the FAA, nor the ACAA, preempt or limit a state court's authority to award damages for personal injury resulting from violation of the standard of care established by federal legislation. Plaintiff buttresses her argument that there is no federal jurisdiction by emphasizing that the parties agree that the ACAA does not provide for a private cause of action.

Defendants claim that this Court has jurisdiction to hear the case because the ACAA completely preempts both Plaintiff's state law discrimination claim and her state law negligence claim. Regarding the discrimination claim, Defendants look to *Montalvo v. Spirit Airlines*, 508 F.3d 464 (9th Cir.2007), for support that the FAA preempts all state law claims in areas where the agency has issued pervasive regulations. Defendants claim that like the FAA, the ACAA preempts state law claims because it establishes broad and comprehensive regulations that govern air carrier's obligations to provide disabled passengers with assistance. Defendants cite *Elassaad v. Independence Air, Inc.*, 613 F.3d 119, 132 (3rd Cir. 2010), which stated in dicta that "the ACAA might preempt state nondiscrimination laws as they apply to discrimination by air carriers against disabled passengers." Additionally, Defendants quote the DOT (the agency granted authority by the ACAA to promulgate regulations):

> [The ACAA] is a detailed, comprehensive, national regulation, based on Federal statute, that substantially, if not completely, occupies the field of nondiscrimination on the basis of handicap in air travel. Moreover, providing

> transportation to passengers is clearly a "service" within the meaning of section 105 of the [Federal Aviation] Act (49 U.S.C. 130S(a)(1)), bringing that statute's preemptive force into play. Courts have found that section 1 preempts state law in the area of nondiscrimination on the basis of handicap[.] Consequently, interested parties should be on notice that there is a strong likelihood that state action on matters covered by this rule will be regarded as preempted.

Dep't of Transp., NONDISCRIMINATION ON THE BASIS OF HANDICAP IN AIR TRAVEL, 55 Fed. Reg. 8008-01, 8014 (Mar. 6, 1990). Similarly, Defendants cite to cases supporting their contention that the ACAA preempts state-law failure to provide assistance claims (*Johnson v. Northwest Airlines, Inc.,* No. C 08–02272–VRW, 2010 WL 5564629, (N.D.Cal. May 5, 2010) and *Russell v. Skywest Airlines*, No. C 10–0450 MEJ, 2010 WL 2867123 (N.D.Cal. July 20, 2010)).

The Court does not agree with Plaintiff's characterization that because the FAA and the ACAA do not completely preempt all state-law claims, that there is no field preemption and accordingly no federal jurisdiction. Rather, the Ninth Circuit has found that the FAA does preempt certain claims through field preemption.[2] However, the Ninth Circuit has also found that the FAA's field preemption is far from all encompassing.[3] The pertinent question then is whether any of Plaintiff's claims are preempted through field preemption by the FAA or the ACAA. If so, then removal is proper under the field preemption doctrine; if not, remand is proper. *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998).

---

[2] In *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007), the Ninth Circuit found that the "FAA preempts the entire field of aviation safety though implied field preemption."

[3] The Ninth Circuit's more recent case addressing field preemption of the FAA considered *Montalvo*, and found that it "cut against" an "argument for broad FAA [field] preemption." *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 809 (9th Cir.2009).

On the subject of classifying claims, Defendants acknowledge that there is an emerging consensus in the Ninth Circuit's district courts that the ACAA preempts state-law claims based on a failure to provide assistance for disabled passengers (*See Johnson* v. Northwest Airlines, Inc., No. C 08–02272 VRW, 2010 WL 5564629, at *6 (N.D.Cal. May 5, 2010) (finding the ACAA's "extensive regulation is of the sort contemplated by the Ninth Circuit in *Martin* and *Montalvo,* implying an intent by Congress to preempt state-law in this area." *Id.* at 6). Defendants also acknowledge that there is an emerging consensus that claims based on negligent provision of assistance are not preempted under the ACAA. In *Hodges v. Delta Air Lines, Inc.*, No. C09–1547–BAT, 2010 WL 5463832 (W.D.Wash. Dec. 29, 2010), the plaintiff was injured when she fell from a wheelchair as employees pushed her down the aisle of an aircraft, and she brought a claim for negligence. *Id.* at * 1. The court reviewed the ACAA regulations and found that they "say nothing about how to move a disabled passenger from a plane seat to a wheelchair, how many people must assist the passenger, whether the passenger must be buckled in to the wheelchair, and the like." *Id.* at *4. Because the regulations left open the standard of care for moving a passenger in a wheelchair, the court could not find the "clear and manifest intent" of Congress to preempt state law. *Id.* Similarly, in *Summers v. Delta Airlines*, 2011 WL 1299360 (N.D. Cal. 2011), the court found that in cases where a disabled passenger brings a claim that does not depend on duties pervasively regulated by the ACAA, including negligent provision of assistance claims, that the reasoning of *Martin* precludes a finding of preemption.

Defendants contend that Plaintiff's claims are predicated on Defendants' failure to provide wheelchair assistance, rather than on alleged negligence in the course of providing wheelchair assistance. Accordingly, Defendants argue that not only is there field preemption and resulting federal jurisdiction, but that all of Plaintiff's claims are preempted. Defendants appear to be transitioning to an argument for a Motion to Dismiss. Though the issue is not before the Court, the Court does not share Defendants' perspective. Some of Plaintiff's

claims can be read to plead negligent provision of assistance, like the plaintiff in *Hodges* (Plaintiff contends Defendants had a "duty" to provide "adequate personnel and equipment" and "adequate assistance" and failed in this duty (ECF No. 1 at 12)).

Returning to the pertinent question discussed *supra* (whether any of Plaintiff's claims are preempted through field preemption by the FAA or the ACAA), the Court answers the question in the affirmative. The Court notes that Plaintiff's case can be read to nearly replicate a garden variety state-law tort claims case and thus avoid the field preemption of the ACAA. However, Plaintiff's claim of Unfair Practices in Public Accommodation, under Washington's Law Against Discrimination, is preempted by the ACAA through field preemption. Plaintiff, in her claim, states that Defendants failed to provided transport services in violation of the Washington law Against Discrimination (ECF No. 1 at 14). Looking at the pervasiveness of federal regulations in the specific area covered by the claim, as required by *Martin*, this Court finds pervasive regulations on the subject of failure to provide transport services between planes. *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 809 (9th Cir.2009). Specifically, the ACAA and its regulations require airlines to provide the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs" and provide assistance in transporting a disabled passenger, between her arriving and connecting flight. 14 CFR § 382.95(a) 14 CFR § 382.91.

Plaintiff has argued that there still is no federal jurisdiction because there is no federal remedy under the ACAA, but Plaintiff fails to acknowledge the ACAA's administrative remedy scheme that includes contacting a complaint resolution officer for immediate remedies, filing a complaint with the Secretary of Transportation who can initiate an investigation and enforce actions, and appealing any decision to federal court. 14 C.F.R. §§ 382.151-153; 49 U.S.C. §§ 41705 & 46101; 14 C.F.R. § 382.159; and 49 U.S.C. § 46110. Accordingly,

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND - 8

1  **IT IS ORDERED** that Plaintiff's Motion for Remand, filed March 18, 2011, **ECF
2  No. 4** is **DENIED**.  The Court finds that it does have jurisdiction to hear the case and
3  accordingly removal was appropriate.

4  The District Court Executive is directed to file this Order and provide copies to
5  counsel.

6  **DATED** this 14th day of July, 2011.

7
8                                              s/ Wm. Fremming Nielsen
                                               WM. FREMMING NIELSEN
9  07-12-11                                    SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND - 9