UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIE MARIE STRIKE BROWN,<br><br>          Plaintiff,<br><br>-vs-<br>ALASKA AIRLINES, INC., an Alaska corporation, and HORIZON AIR INDUSTRIES, INC., a Washington corporation,<br><br>          Defendants. | NO. CV-11-0091-WFN<br><br>ORDER ON STIPULATED MOTION FOR PROTECTIVE ORDER |

Before the Court is the parties' Stipulated Motion For Protective Order (ECF No. 38). This matter came before the Court on the Stipulation of the parties for the entry of an Order governing the disclosure and handling of documents that Defendants consider trade secrets, confidential, or proprietary business information. The Court finds the parties' Motion reasonable and adopts the proposed order. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that the parties' Stipulated Motion For Protective Order, filed December 8, 2011, **ECF No. 38**, is **GRANTED.** In order to preserve and maintain the confidentiality of certain documents to be produced by Defendants in this action, it is hereby stipulated that:

1. The parties have a mutual interest in the orderly and prompt production of discovery, and each side has discussed with the other their respective concerns about the propriety of designating trade secret or confidential business information. Having weighed

ORDER ON STIPULATED MOTION
FOR PROTECTIVE ORDER - 1

1  the issues related to having the Court decide the propriety of a confidential designation, the
2  following compromise has been reached and is set forth below.

3        2.    Documents to be produced by Defendants in this litigation that contain
4  confidential trade secret or proprietary business information shall hereafter be referred to as
5  "Protected Documents." When used in this Order, the word "documents" means all written
6  material, videotapes, and all other tangible items, whether produced as hard copy, computer
7  diskette, CD-ROM, or otherwise. Defendants will visibly mark all Protected Documents
8  "Subject to Protective Order" or "Confidential." Material designated by Defendants as
9  Protected Documents shall be given confidential treatment as described below.

10        3.    Defendants have the burden of proving that a Protected Document contains
11  trade secrets or other confidential business or technical information should any party seek
12  to disclose the document or its contents outside the parameters of this Order. Prior to
13  designating any material as protected, Defendants will make a good faith determination
14  that the material is, in fact, a trade secret or other confidential or proprietary business or
15  technical information, the dissemination of which could damage Defendants' competitive
16  position. If any party to this litigation disagrees with the "Subject to Protective Order" or
17  "Confidential" designation of any document, the party shall notify Horizon Air in writing,
18  which then will timely apply to this Court to set a hearing for the purpose of establishing
19  that said document contains trade secrets or is otherwise confidential or proprietary. Any
20  document marked as "Subject to Protective Order" or "Confidential" shall continue to be
21  treated as a Protected Document pending determination by the Court as to its confidential or
22  proprietary status.

23        4.    Both the Protected Documents and the information contained therein shall be
24  treated as confidential. Except upon the prior written consent of the producing party or upon
25  order of this Court, the Protected Documents and the information contained therein may be
26  shown, disseminated, or disclosed only to the following persons:

ORDER ON STIPULATED MOTION
FOR PROTECTIVE ORDER - 2

   (a) Counsel of record for each party in this lawsuit, including other members of counsels' law firms and any other counsel of record associated to assist in the preparation or trial of this case;

   (b) Employees of counsel of record who assist in the preparation or trial of this case;

   (c) Experts and non-attorney consultants retained by the parties to this litigation for the preparation or trial of this case, provided that disclosure of Protected Documents to such experts and consultants will be in hard copy format only and will not be in any digitized or other computer readable format and provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Horizon Air;

   (d) Any party to this litigation;

   (e) Any mediator(s) retained by the parties to assist with the potential settlement of this lawsuit; and

   (f) The Court and its staff in accordance with paragraph 6 below.

  5. Before receiving access to any of the Protected Documents or the information contained therein, each person described in paragraph 4(c) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as "Exhibit A," to be bound by its terms and to submit to the jurisdiction of this Court. Counsel for the parties shall retain the signed "Exhibit A" forms and keep a list of all persons who have received Protected Documents for inspection by the Court and, on order of the Court, counsel for Defendants.

  6. Recognizing that the disclosure by filing of confidential or proprietary documents could do irreparable harm to Defendants' legitimate business interests, if documents marked "Subject to Protective Order" or "Confidential" are to be disclosed to the Court and/or the Court's staff as attachments to any motion or declaration, or otherwise, the party seeking to file any such documents must first file a motion to seal in accordance with Local Rule 5(g).

ORDER ON STIPULATED MOTION
FOR PROTECTIVE ORDER - 3

1  The parties further agree to cooperate, as reasonably necessary, to provide the Court the necessary information upon which a determination regarding whether compelling circumstances exist to seal any such document(s).

7. To the extent the Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with any transcript pages of the deposition testimony dealing with the Protected Documents or information, or any transcript pages which Defendants designate as confidential (with written notification thereof to counsel for the remaining parties) within 20 days of receipt of the deposition transcript. Any court reporter or transcriber who reports or transcribes testimony in this action shall ensure that all Protected Documents or information designated under this Order remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) shall be retained by the reporter under the terms of this Protective Order or delivered to counsel of record.

8. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, or in any appeal thereof, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of or during trial.

9. Inadvertent or unintentional production of documents containing information that should have been marked "Subject to Protective Order" or "Confidential" shall not be deemed a waiver in whole or in part of Horizon Air's claim of protection or confidentiality.

10. No party, nor that party's counsel or experts or any other person retained by the party to assist in the preparation of this action shall under any circumstances sell or offer to

ORDER ON STIPULATED MOTION
FOR PROTECTIVE ORDER - 4

sell, share, advertise, or publicize the contents of Protected Documents or the fact that the party has obtained confidential or proprietary information from Horizon Air.

11. This Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties and approved by the Court. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

12. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. This Order shall remain binding after the termination of this litigation.

13. Within 90 days after the conclusion of this litigation (including any appeals), counsel for each receiving party shall return all Protected Documents, transcripts, and copies thereof to the producing party or shall provide to the producing party written certification that such material has been destroyed. In the event information protected pursuant to this order is placed into any digitized or other computer readable format, counsel for the receiving party shall certify to the removal of such documents from any and all computers and electronic storage devices.

14. The Court retains jurisdiction over the parties and recipients of the Protected Documents for the enforcement of the provisions of this Order following termination of this litigation.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 8th day of December, 2011.

12-08-11

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON STIPULATED MOTION
FOR PROTECTIVE ORDER - 5